# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Melissa Reynolds | ) | |
| Plaintiff, | ) | Case No: 2:17-cv-04528-JLL-JAD |
| vs | ) | CIVIL ACTION |
| Simon's Agency, Inc., Experian Information | ) | |
| Solutions, Inc. and Equifax Information | ) | Motion to Strike Defendant Equifax |
| Services LLC, | ) | Information Services LLC |
| | ) | Affirmative Defenses |
| Defendants, | ) | |

---

**Plaintiff's Motion to Strike Defendant Equifax Information Services LLC Affirmative Defenses
and Memorandum In Support**

Plaintiff MELISSA REYNOLDS, ("Plaintiff) hereby moves this Court pursuant to F.

R.C.P. 12(f) to strike Defendant Equifax information Services LLC. Affirmative Defenses

number 1-5 on the grounds that they are insufficient as they fail to state legal or factual defenses.

## MEMORANDUM

Plaintiff filed an amended complaint on January 29, 2018. On February13, 2018

Defendant Equifax filed an answer to Plaintiff's amended complaint with Affirmative Defenses.

## STANDARD OF REVIEW

Rule 12(f) provides that [t]he court may strike from a pleading an insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter, upon a party's motion or sua

sponte. Fed. R. Civ. P. 12(f). (B)ecause striking a portion of a pleading is a drastic remedy, and

because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are

viewed with disfavor and are infrequently granted. F.D.I.C. v. Niblo, 821 F. Supp. 441, 449

(N.D. Tex. 1993) (Cummings, J.) The Rule applies to complaints as well as affirmative defenses.

*Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The purpose of a motion to strike

1 | P a g e

under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. See *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. See *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## **ANALYSIS AND ARGUMENT**

**First Defense:**   Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports. This is not a valid affirmative defense and is nothing more than a boilerplate affirmative defense with no basis. Equifax removed the consumer statement from the credit report without any request and then added the consumer statement after several months. This defense has no merit or relevance to the claims made and should be stricken.

**Second Defense:**   Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.  This is not a valid affirmative defense and is nothing more than another boilerplate affirmative defense with no basis. Plaintiff has brought a claim against Equifax under the FCRA for a failure to report accurate information. Plaintiff has the burden of demonstrating that she is entitled to whatever damages the statue allows and this affirmative defense is a waste of toner and has no merit and should be stricken.

**Third Defense:**   Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability. This is not a valid affirmative defense and is nothing more than another boilerplate affirmative defense with no basis. Equifax has proven even in the discovery period that they do not handle credit files appropriately according the statues outlines under the FCRA. Furthermore Equifax did not report the trade-line and consumer statement appropriately as outlined in the complaint and the exhibits attached.

This defense has no merit or relevance to the claims made and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Fourth Defense:**   At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.  Again, this is not a valid affirmative defense and is nothing more than another boilerplate affirmative defense with no basis. Plaintiff's amended complaint filed on January 29, 2018 is seeking statutory damages and any other damages the Court may deem just and proper. Defendant Equifax brings a defense in a conclusory fashion and fails to elucidate any alleged conduct by Plaintiff that could possibly under any conceivable set of circumstances have caused that damages suffered to her.  "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient and should be stricken.  This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Fifth Defense:**  Plaintiff cannot meet the requirements  of 15 USC 1681n in order to recover punitive or statutory damages. This is not a valid affirmative defense. Plaintiff has outlines the violations in the complaint and has meet the requirements to prove a violation of the FCRA. Plaintiff has requested a jury trial, so it now up to the court and jury to make a determination if Plaintiff is entitled to statutory and other damages. This

defense has no merit or relevance to the claims made and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).

WHEREFORE, for the reasons stated above Plaintiff requests this Honorable Court strike Defendant s Affirmative Defenses numbers 1 thru 5 and for any other relief this Court deems just and proper.

Respectfully Submitted,

Melissa S Reynolds