# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Melissa Reynolds | ) | |
| Plaintiff, | ) | Case No: 2:17-cv-04528-JLL-JAD |
| vs | ) | CIVIL ACTION |
| Simon's Agency, Inc., Experian Information | ) | |
| Solutions, Inc. and Equifax Information | ) | Motion to Strike Defendant Simon's |
| Services LLC, | ) | Agency Inc. Affirmative Defenses |
| Defendants, | ) | |

--------------------------------------------------------------------------------

### Plaintiff's Motion to Strike Defendant Simon's Agency Inc. Affirmative Defenses and Memorandum In Support

Plaintiff MELISSA REYNOLDS, ("Plaintiff) hereby moves this Court pursuant to F. R.C.P. 12(f) to strike Defendant Simon's Agency Inc. Affirmative Defenses number 1-11 on the grounds that they are insufficient as they fail to state legal or factual defenses.

## MEMORANDUM

Plaintiff filed an amended complaint on January 29, 2018. On February12, 2018 Defendant Simon filed an answer to Plaintiff's amended complaint with Affirmative Defenses.

## STANDARD OF REVIEW

Rule 12(f) provides that [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, upon a party's motion or sua sponte. Fed. R. Civ. P. 12(f). (B)ecause striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted. F.D.I.C. v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) The Rule applies to complaints as well as affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The purpose of a motion to strike

under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. See *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir. 1986). Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. See *EEOC v. Bay Ridge Toyota, Inc.,* 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**First Defense:**   <u>SAI's conduct with respect to Plaintiff did not violate the FDCPA and claims pursuant to the FDCPA lack any degree of viability and all claims against SAI should be dismissed or withdrawn.</u> This is not a valid affirmative defense and is nothing more than a boilerplate affirmative defense with no basis. There is no question that the claims made by Plaintiff were brought under the FDCPA. SAI violated the FDCPA in several ways which has been outlined in the complaint. It is now up to the court and jury to decide if Plaintiff's claims are valid and if SAI violated the FDCPA. This defense has no merit or relevance to the claims made and should be stricken.

**Second Defense:**   <u>Plaintiff fails to asset a plausible claim under the FCRA.</u> This is not a valid affirmative defense and is nothing more than another boilerplate affirmative defense with no basis. Plaintiff has brought a claim under the FCRA for a failure to report accurate information. SAI was aware that Plaintiff disputed the tradeline and failed to report the credit agencies that the tradeline was in dispute. Therefore Defendant Simon's failed to report accurate information. This defense has no merit or relevance to the claims made and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Third Defense:**   <u>Plaintiff has failed to present a viable TCPA against SAI.</u> This is not a valid affirmative defense and is nothing more than another boilerplate affirmative defense with no basis. Plaintiff has brought a claim under the TCPA. SAI did not have express consent to call 908-305-3143 as Plaintiff asked SAI to cease calls verbally prior to April

27, 2015 and also in writing on April 27, 2015 as attached to exhibit C on Plaintiff's amended Complaint filed on January 29, 2018. Defendant SAI did not cease calls after receipt of the letter dated April 27, 2015. SAI did not cease calls until after July 2016, therefore Plaintiff has presented a viable TCPA claim against SAI. This defense has no merit or relevance to the claims made and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Fourth Defense:** In the event that plaintiff is able to adequately plead individual claims under the FDCPA, her individual entitlement to statutory damages is capped at $1,000 per action, not $1,000 per defendant or per violation. This is not a valid affirmative defense. Plaintiff brought this action against Simon's Agency, Inc., Experian Information Solutions, Inc. and Equifax Information Services LLC collectively and for different causes of actions. Plaintiff is only claiming Simons violated the FDCPA is not attempting to collect $1000.00 per defendant under the FDCPA. Plaintiff is stating all Defendants have violated the FCRA. As well as Plaintiff claims SAI violated the TCPA. This defense has no merit or relevance to the claims made and should be stricken. Plaintiff has the burden of demonstrating that she is entitled to whatever damages the statue allows and this affirmative defense is a waste of toner. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Fifth Defense:** Plaintiff knowingly submitted a false money order receipt and SAI intends to seek its defense cost based on fraud by Plaintiff. This is not a valid affirmative defense. Plaintiff denies these allegations. Plaintiff's claims surrounding this litigation do not arise out of a money order receipt nor does a balance allegedly owed constitute the basis of the civil action. The civil action has to do with SAI attempt to collect a debt, failure to report the dispute of the trade line, and violation of the TCPA. This defense has no merit or relevance to the claims made and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

Motion to Strike Affirmative Defenses and Memorandum in Support

**Sixth Defense:** SAI attempted to collect an accurate valid delinquent debt obligation, Plaintiff has failed to articulate a viable claim under Sections 1692e or 1692f(1). Plaintiff has stated in amended complaint filed January 29, 2018 that SAI debt collection efforts violated various provisions of the FDCPA including but not limited to 15 USC 1692e and 1692f. SAI used false deceptive means in addition the communication was at times threatening. While Plaintiff disputed the debt SAI did not cease collection activity while the tradeline was investigated. This defense has no merit or relevance to the claims made and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Seventh Defense:** Plaintiff's FCRA claims should be dismissed or withdrawn. Plaintiff has articulated in the amended complaint the various FCRA violations. SAI failed to report to the credit agencies that the trade line was in dispute by the consumer. This again is a violation of the FCRA. This defense has no merit or relevance to the claims made and should be stricken.

**Eighth Defense:** Plaintiff's TCPA claims should be dismissed. Plaintiff has presented an actionable claim under the TCPA. Plaintiff revoked consent from SAI verbally prior to 4/27/15 and in writing on 4/27/2015 which went ignored. SAI continued to place calls to Plaintiffs cell phone and these calls to Plaintiff were not for emergency purposes. Once consent was revoked SAI had an obligation to cease all calls. In addition SAI called Plaintiff with an automatic dialer and used threating and harassing language at times. Therefore, this defense has no merit or relevance to the claims made and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Ninth Defense:** Plaintiff request declaratory and injunctive release should be dismissed or withdrawn. Plaintiff's amended complaint filed on January 29, 2018 is seeking statutory damages and any other damages the Court may deem just and proper. Defendant

SAI once again brings a defense in a conclusory fashion and fails to elucidate any alleged conduct by Plaintiff that could possibly under any conceivable set of circumstances have caused that damages suffered to her. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Tenth Defense:** SAI is entitled to a set off as to the same actual damages that Plaintiff claims she incurred in other matter. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). This affirmative defense is insufficient and should be stricken. This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Eleventh Defense:** SAI preserves and retains its right to assert a claim in fraud against Plaintiff. A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). Plaintiff has provided all documents that were sent to Plaintiff from SAI and Raymour. SAI is escaping the essence of the case with was a violation of the TCPA as evidenced by telephone calls made to Plaintiffs cellphone after

5 | P a g e

consent was revoked, FDCPA violations including but not limiting to harassing phones calls in attempt to collect a debt, attempting to collect a debt that was in dispute, and FCRA violations including but not limited to a failure to report the tradeline as being in dispute. This affirmative defense is insufficient and should be stricken.  This affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).

WHEREFORE, for the reasons stated above Plaintiff requests this Honorable Court strike Defendant s Affirmative Defenses numbers 1 thru 11 and for any other relief this Court deems just and proper.

Respectfully Submitted,

Melissa S Reynolds

Motion to Strike Affirmative Defenses and Memorandum in Support

Melissa
509 Trotters Lane
Elizabeth, NJ 07208

DISTRICT COURT
OF NEW JERSEY
RECEIVED
2018 FEB 16 P 3: 03





U.S. POSTAGE
PAID
UNION, NJ
07083
FEB 15 18
AMOUNT
$1.42
R2305K136126-04



Martin Luther King Bldg.
US Courthouse
50 Walnut St # 4015
Newark, NJ 07102.