Jonathan Daniel Klein
CLARK HILL PLC
One Commerce Square
2005 Market St., Suite 1000
Philadelphia, PA 19103
Tel: (215) 640-8535
Fax: (215) 640-8501
Email: jklein@clarkhill.com
Attorneys for Defendant
Equifax Information Services LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA REYNOLDS,<br><br>                              Plaintiff,<br>vs.<br><br>SIMON'S AGENCY, INC., et al.,<br><br>                              Defendants. | 2:17-cv-04528-JLL-JAD |

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
### AMENDED ANSWER AND DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Amended Answer and Defenses to Plaintiff's Amended Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged

conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring a claim against it under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax states that the legislative history of the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the legislative history of the FCRA, Equifax denies the allegations in Paragraph 2.

3. Equifax states that the legislative history of the FDCPA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the legislative history of the FDCPA, Equifax denies the allegations in Paragraph 3.

4. Equifax states that the legislative history of the FDCPA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the legislative history of the FDCPA, Equifax denies the allegations in Paragraph 4.

5. Equifax states that the legislative history of the TCPA speaks for

itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the legislative history of the TCPA, Equifax denies the allegations in Paragraph 5.

6. Equifax states that the legislative history of the TCPA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the legislative history of the TCPA, Equifax denies the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax admits the allegations in Paragraph 11 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. Equifax denies the allegations in Paragraph 12 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. Equifax denies the allegations in Paragraph 13 as they pertain to

Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. Equifax denies the allegations in Paragraph 14 that pertain to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Equifax denies that Plaintiff is entitled to the relief requested in Paragraph 15.

16. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction.

17. Equifax admits it conducts business in the State of New Jersey. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax admits that Plaintiff is a natural person. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 21.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Equifax admits the allegations in Paragraph 24.

25. Equifax admits the allegations in Paragraph 25.

26. Equifax admits the allegations in Paragraph 26.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Equifax states that the document attached to the Complaint as Exhibit A speaks for itself. Equifax is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 32.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax states that the document attached to the Complaint as Exhibit B speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Equifax states that the document attached to the Complaint as Exhibit C speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax states that the document attached to the Complaint as Exhibit D speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Equifax states that the document attached to the Complaint as Exhibit E speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Equifax states that the document attached to the Complaint as Exhibit F speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Equifax admits that it received a dispute from Plaintiff on April 15, 2017. The dispute speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents of the dispute Equifax denies those allegations. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47.

48. Equifax admits that it received a dispute from Plaintiff on April 15, 2017. The dispute speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents of the dispute Equifax denies those allegations. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50. Equifax denies the allegations in Paragraph 50.

51. Equifax states that the document attached to the Complaint as Exhibit G speaks for itself. Equifax admits that it received a dispute from Plaintiff on April 15, 2017. The dispute speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents of the dispute Equifax denies those allegations.

52. Equifax states that the document attached to the Complaint as Exhibit H speaks for itself. Equifax admits that it received a dispute from Plaintiff on April 15, 2017. The dispute speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents of the dispute Equifax denies those allegations.

53. Equifax states that the document attached to the Complaint as Exhibit

I speaks for itself. Equifax admits that it received a dispute from Plaintiff on April 15, 2017. The dispute speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes, or takes out of context the contents of the dispute Equifax denies those allegations.

54. Equifax admits it is reporting the Simon's tradeline. Upon information and belief, the Simon's tradeline is reporting accurately.

55. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Equifax states that the document attached to the Complaint as Exhibit J speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58.

59. Equifax states that the document attached to the Complaint as Exhibit K speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59.

60. Equifax denies the allegations in Paragraph 60 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 60.

61.   Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 60.

62.   Equifax admits the allegations in Paragraph 62.

63.   Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 63.

64.   Equifax admits it received disputes from Plaintiff. Equifax denies the remaining allegations in Paragraph 64.

65.   Equifax denies the allegations in Paragraph 65.

66.   Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 66.

67.   Equifax denies the allegations in Paragraph 67.

68.   Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 67.

69.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.   Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations

in Paragraph 70.

71. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 73.

74. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 74.

76. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 76.

77. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Equifax is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 79.

80. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82. Equifax denies the allegations in Paragraph 82.

83. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 82.

84. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 89.

91. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94. Equifax admits Plaintiff demands a trial by jury and likewise demands a jury trial.

95. Equifax denies that the Plaintiff is entitled to any relief claimed in her Prayer for Relief on Page 14 of the Complaint.

96. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### FIRST DEFENSE

At all pertinent times, Equifax developed and maintained extensive policies and procedures designed to assure maximum possible accuracy in all its credit

reports. Those policies and procedures were implemented and followed in response to Plaintiff's dispute as evidence in discovery will establish.

### SECOND DEFENSE

Equifax maintains extensive policies and procedures designed to ensure the accuracy of the information appearing on Plaintiff's credit file, and reinvestigated each of Plaintiff's disputes with the original source of the disputed information within the time allotted under the FCRA. Equifax, then, has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### THIRD DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same because Plaintiff failed to pay her reported debt obligations as she agreed. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

### FOURTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages because Equifax did not behave recklessly in its reinvestigation of Plaintiff's disputes, and did not behave recklessly in

developing its policies and procedures with regard to the reporting of credit information.

### FIFTH DEFENSE

Because it carefully developed its relevant policies and procedures for reporting credit information, and because it considered Plaintiff's dispute and promptly reinvestigated those disputes with the original source of the disputed information, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 27th day of February, 2018.

                CLARK HILL PLC

By: */s/Jonathan Daniel Klein*
     Jonathan Daniel Klein
     CLARK HILL PLC
     One Commerce Square
     2005 Market St., Suite 1000
     Philadelphia, PA 19103
     Tel: (215) 640-8535
     Fax: (215) 640-8501
     Email: jklein@clarkhill.com
     Attorneys for Equifax Information Services LLC

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

Melissa Reynolds
melissarh75@gmail.com

ANDREW MICHAEL SCHWARTZ
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, PC
2000 MARKET STREET
Suite 2300
PHILADELPHIA, PA 19103

Dated: February 27, 2018.

*/s/ Jonathan Daniel Klein*
Jonathan Daniel Klein